The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Margaret Morgan Holmes and the briefs and oral arguments on appeal. Based upon their assignments of error, the appealing party has shown good ground to reconsider the evidence. Having reconsidered the evidence of record, the Full Commission reverses the Deputy Commissioner's decision regarding plaintiff's permanent partial disability rating and enters the following Opinion and Award.
***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into the record as:
 STIPULATIONS
1. Plaintiff was employed with defendant-employer on 19 July 1997, the date of the alleged injury, when he sustained an injury to his right ankle.
2. An employee-employer relationship existed between plaintiff and defendant-employer.
3. The parties are subject to and bound by the North Carolina Workers' Compensation Act and the Industrial Commission has jurisdiction over the subject matter of this claim.
4. The parties are properly before the Industrial Commission.
5. Zenith Insurance Company was the carrier on the risk at the time of plaintiff's alleged accident.
6. Plaintiff received temporary total disability benefits at the compensation rate of $266.68 per week from 5 August 1997 through 23 September 1997.
***********
Based upon evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. On 19 July 1997, plaintiff had been employed by defendant-employer as a heavy equipment operator for less than two weeks. On that date plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer when he jumped off the side of a track-loader and twisted his right ankle.
2. Plaintiff was first examined at Prime Care and was then referred to Dr. Marcus V. Duda, an orthopaedic surgeon. Dr. Duda examined plaintiff on 24 July 1997 and diagnosed a grade three sprain of the right ankle. Dr. Duda initially treated plaintiff with a short leg cast, crutches and elevation. On approximately 5 August 1997, Dr. Duda placed plaintiff in a fracture brace with an air case and Ace bandage. Plaintiff remained in the air cast and was prescribed Naprosyn (500) during the month of August 1997.
3. Plaintiff's right ankle appeared to heel well and progressed normally as far as decreasing pain and increasing range of motion. On 23 September 1997, Dr. Duda examined plaintiff and determined that he was ambulating well, but that plaintiff was still experiencing some pain over both the inside and outside of his ankles along with occasional shooting pain. Dr. Duda further noted that plaintiff displayed active flexion and extension of the toes and maintained good strength of the foot. Dr. Duda released plaintiff to return to work without restrictions, although he advised plaintiff to continue wearing the ankle brace.
4. As a result of the injury by accident, plaintiff was unable to earn wages in his former position with defendant-employer or in an employment from 19 July 1997 through 23 September 1997. After being released to return to work, plaintiff began working for a different employer earning greater than his pre-injury wages.
5. On 11 December 1997, Dr. Duda noted that plaintiff's right ankle was of equal strength as his left, that plaintiff had regained full range of motion. Additionally, Dr. Duda opined that plaintiff had reached maximum medical improvement without a permanent partial impairment. Dr. Duda last saw plaintiff on 21 November 1997.
6. Despite having reached maximum medical improvement, plaintiff continued to experience occasional swelling at night and pain below the right ankle if he was on it all day.
7. On 19 June 1998, plaintiff was examined by Dr. J. Wayne Keeling, an orthopaedic surgeon. Dr. Keeling examined plaintiff's x-rays, Dr. Duda's notes, and plaintiff's ankle and opined that plaintiff had sustained a significant ligament injury of the ankle. Therefore, Dr. Keeling ordered an arthrogram which revealed ligament instability of the lateral aspect of the ankle joint on inversion stress.
8. Dr. Keeling opined that plaintiff sustained a fifteen percent permanent partial impairment of the lateral ankle. However, because Dr. Keeling's opinion was based upon his use of the American Medical Association rating guidelines and not the guidelines proscribed by the Industrial Commission, his opinion regarding plaintiff's disability rating is given no weight.
9. Because plaintiff was employed with defendant-employer for less than two weeks, a calculation of his average weekly wage based upon the number of weeks worked is not practical and would not yield an average weekly wage that is fair and just to both parties. Therefore, the plaintiff's average weekly wage should be calculated based upon the wages being earned by a person of the same grade and character employed in the same class of employment. As determined by a Form 22 submitted by defendant-employer, such a similarly situated employee with defendant-employer had an average weekly wage of $395.99. However, defendant-employer agreed to pay plaintiff based upon an average weekly wage of $400.00. Therefore, the Full Commission finds that plaintiff's average weekly wage was $400.00, yielding a compensation rate of $266.68.
***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 19 July 1997, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. G.S. § 97-2(6).
2. As a result of the 19 July 1997 injury by accident, plaintiff is entitled to and has been paid by defendants temporarily totally disability compensation at the rate of $266.68 per week for the period of 19 July 1997 through 23 September 1997. G.S. § 97-29.
3. As a result of the 19 July 1997 injury by accident, plaintiff sustained no permanent partial disability to his right ankle and leg. G.S. § 97-31(14).
4. As a result of the 19 July 1997 injury by accident, plaintiff is entitled to have defendants pay for all medical expenses incurred, including the 19 June 1998 visit to Dr. Keeling. G.S. § 97-25; G.S. § 97-25.1.
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff has been paid by defendants all of the indemnity compensation to which he is due as the result of his 19 July 1997 injury by accident.
2. Defendants shall pay for all medical expenses incurred as the result of plaintiff's 19 July 1997 injury by accident.
3. An attorney's fee in the amount of twenty-five percent (25%) of the compensation having already been paid to plaintiff is approved for counsel for plaintiff.
4. Defendants shall pay the costs.
S/_____________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/_____________ DIANNE C. SELLERS COMMISSIONER
S/_____________ THOMAS J. BOLCH COMMISSIONER